IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TERI PETRE** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NATIONSTAR MORTGAGE, LLC,** | § | |
| (doing business as Mr. Cooper) | § | |
| | § | **CIVIL ACTION NO. _____** |
|     **Defendant.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

    Plaintiff Teri Petre (hereinafter referred to as "Plaintiff"), by and through her attorneys, and brings this civil action suit for damages on behalf of herself against Nationstar Mortgage LLC now known as Mr. Cooper Group, Inc. ("Nationstar" or "Defendant"), and files this, Plaintiff's Original Complaint, and in support thereof would show the Honorable Court the following:

### NATURE OF THE SUIT

    1.   The Fair Labor Standards Act (hereinafter "FLSA") was passed by Congress to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. §207(a)).

    2.   Plaintiff Teri Petre ("Plaintiff") in accordance with the FLSA, brings this civil action on behalf of herself against Nationstar Mortgage LLC, that is doing business as "Mr. Cooper" (NASDAQ: COOP), for failure to pay her overtime pay for her overtime hours worked. Plaintiff regularly and customarily worked for Defendant within the applicable statutory period as a Default Servicing Training Specialist, or a similar title, during her employment. As a Default Servicing Training Specialist, she was entitled to overtime pay consistent with the requirements of the FLSA. Defendant, however, failed to pay this overtime compensation for months when Plaintiff worked in excess of forty (40) hours.

## PARTIES

3. Plaintiff, Teri Petre, is an individual currently residing in Pinellas County, Florida and was employed by Defendant in 2016. During her employment with Defendant she lived in The Colony, Denton County, Texas. Specifically, Plaintiff held the title of Default Servicing Training Specialist at the Lewisville, Texas office from approximately February 16, 2016, to November 7, 2016, which is within the meaning of the Fair Labor Standards Act and within three (3) years preceding the filing of this Complaint. Plaintiff was Defendant's "employee" under the FLSA, 29 U.S.C. §203(e)(1).

4. Defendant, Nationstar Mortgage, LLC ("Nationstar") is currently doing business as "Mr. Cooper", and is a Delaware limited liability company with its principal place of business in Lewisville, Texas. Nationstar is an "employer" as defined by 29 U.S.C. §203(d). It registered as a foreign entity with the Secretary of State of the State of Texas in October 2, 2015. It may be served with process by and through its Registered Agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

5. Defendant operates in interstate commerce by, among other things, selling and servicing mortgage loan and other financial products in multiple states. Upon information and belief, Defendant's gross annual sales made, or business done has been $500,000 or greater at all relevant times.

6. Defendant Nationstar Mortgage LLC is a Delaware limited liability company with its principal place of business in Lewisville, Texas. Defendant is an "employer" as defined by 20 U.S.C. §203(d). Nationstar states that it has over "6,700 + employees". *See* Nationstar website: www.careers.mrcooper.com.

7. Defendant's principal office is 8950 Cypress Waters Blvd., Coppell, Texas 75019.

## JURISDICTION & VENUE

8. This Court has original jurisdiction over the Plaintiff's claim because Plaintiff has asserted a claim arising under federal law. Plaintiff's claim arises under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. §201 *et. seq.* Accordingly, this court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

9. The United States District Court for the Northern District of Texas, Dallas Division has personal jurisdiction over Defendant because Defendant conducts business within this district.

**FACTUAL ALLEGATIONS**

10. Plaintiff worked as a trainer and held the title of "Default Servicing Training Specialist." As a Default Servicing Training Specialist, Plaintiff trained individual employees in the Customer Service Division of Defendant.  She trained individual employees in a classroom from 7:30 AM to 7:00 PM, during most of the workdays that she was employed by Nationstar.  She was expected to arrive at the training session at 7:30 AM, and typically stayed until 7 PM, in order to close out her rosters and send out electronic invitations for the next day.  She was in a classroom most of the days.  She was the only trainer of her trainer group that had cross-trained for three (3) separate divisions, with each division carrying 30 plus training modules, so Defendant relied on her to train employees of other divisions.

11. As an example, in addition to training the Customer Services Division employees, Ms. Petre was asked to serve as one of the "new brand" trainers to promote the new brand "Mr. Cooper" and was expected to teach other employees in a face to face and virtual environment.   Plaintiff trained no less than two classes per day for three to four days per week for almost four months.

12. When she trained the Customer Services Division employees, she held sessions that were in two-week blocks and 5 days per week.  She either trained employees on her own, or with another trainer from her trainer team.

13. Upon information and belief, Defendant classified Default Servicing Training Specialist as exempt from FLSA protections.  Plaintiff mislabeled as an exempt employee, although she failed to meet any exemptions recognized by the FLSA.

14. Plaintiff recalls that she took vacation time during the following time periods:  March 2-4, 2016; September 27 to October 3, 2016; and October 11 to 17, 2016.  These reflect times that Plaintiff is not claiming she is owed any overtime premium.

15. Plaintiff worked in excess of forty (40) hours per week for Defendant without receiving the proper overtime pay.

16. Ms. Petre was paid a salary equaling $70,000.  Defendant was aware that Plaintiff worked overtime hours for which she was not paid.  Defendant required Plaintiff to work long hours to complete her job responsibilities, and due to the misclassification of her as exempt, did not pay her an overtime premium for the overtime hours she worked.

17. Her supervisors were aware of the hours she worked because they were at times present at work with her when she was working the overtime hours.  Defendant failed to make, keep, and preserve records of hours worked by Plaintiff to precisely determine her wages and hours worked.

18. Defendant's conduct is willful and in bad faith. Defendant has received complaints prior to Ms. Petre's employment with Nationstar, about Defendant's failure to pay other employees, including its trainers overtime pay. And while Ms. Petre worked at Nationstar, Plaintiff complained to Defendant that Defendant failed to pay her overtime for hours worked over forty hours per week.

## COUNT ONE:  FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff allege and incorporate by reference the allegations in the preceding paragraphs.

20. The FLSA, 29 U.S.C. §207, requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) per workweek.

21. Plaintiff is an employee entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

22. Plaintiff routinely work(ed) in excess of forty (40) hours per week but did not receive overtime compensation from Defendant.

23. Defendant violated the FLSA in denying overtime compensation.

24. The conduct alleged in the Complaint, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

25. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, pray for judgment against Defendant as follows:

26. Judgment that Plaintiff are nonexempt employees entitled to protection under the FLSA;

27. Judgment against Defendant for violation of the overtime provisions of the FLSA;

28. Judgment that Defendant's violations as described above were willful;

29. An award in an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

30. An award to Plaintiff for unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

31. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216 and/or other applicable laws;

32. An award of prejudgment interest to the extent liquidated damages are not awarded;

33. An award of damages representing the Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

34. For such other and further relief, in law and equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself, demands a jury trial on all issues triable to a jury.

Respectfully submitted,

**CUCCIA WILSON, PLLC**
1910 Pacific Avenue
Suite 18850
DALLAS, TX 75201
Tel: (469) 577-0646
Fax: (214) 278-0780

By: */s/ Richard A. Cuccia, II*
Richard A. Cuccia, II
State Bar No. 50511752
rcuccia@cucciawilson.com
Michael S. Wilson
State Bar No. 24008285
mwilson@cucciawilson.com

**Attorneys for Plaintiff**